Requestor: Peter F. Comerford, Esq., Corporation Counsel City of Niagara Falls City Hall, Main Street Niagara Falls, New York 14302
Written by: James D. Cole, Assistant Attorney General in Charge of Opinion
You have asked whether a local law amending the city charter was subject to a mandatory referendum.
Prior to the amendment, the charter provided that the mayor was to devote such time to the duties of his office as was required. Under that provision, the mayor was allowed to engage in another occupation or employment for compensation, except that he was not permitted to transact business with or receive any benefit from the city. The local law in question amended this provision to provide that the mayor must devote full time to the duties of his office and may not be engaged in any other occupation, employment or position for compensation. This amendment was approved by the present mayor.
The question raised is whether the amendment is subject to a mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law. Under that provision, a local law is subject to a mandatory referendum if it abolishes, transfers or curtails a power of an elected officer.
In our view, the amendment is not subject to a mandatory referendum under section 23(2)(f). The amendment did not affect a power of the mayor but rather changed the qualifications for holding that office. The referendum requirement of section 23(2)(f) preserves the franchise of voters to elect candidates to public offices. 1981 Op Atty Gen (Inf) 101. In voting, electors select the candidate they prefer to exercise the powers of a particular office. If through local legislative action the powers of an elected official could be abolished, transferred or curtailed without restriction, the elective franchise of those who voted in the election for that official could be rendered meaningless. Ibid. The mandatory referendum requirement of section 23(2)(f) of the Municipal Home Rule Law preserves the right of the voters to select a candidate to carry out the duties of a particular office. The amendment in question, providing for a full-time mayor, does not affect the powers of the office and, thus, is not subject to a mandatory referendum.
We conclude that an amendment to a city charter, providing for a full-time mayor, is not subject to a mandatory referendum under section23(2)(f) of the Municipal Home Rule Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.